IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. CREAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 06-3278-CV-S-DW-SSA |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Charles E. Creamer seeks judicial review of the decision of the Commissioner of Social Security Administration denying his application for benefits under Title II and Title XVI of the Social Security Act. On January 5, 2005, the administrative law judge[1] ("ALJ") found Plaintiff was not disabled under the Act. Plaintiff has exhausted all administrative remedies and therefore judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully examining the entire record, the Court affirms the Commissioner's decision for the reasons set forth below.

**I.     STANDARD OF REVIEW**

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Travis v. Apfel, 477 F.3d 1037, 1040 (8th Cir. 2007). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal

---

[1] The Honorable Martin F. Spiegel.

simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

**II.     DISCUSSION**

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated herein only to the extent necessary. Plaintiff raises four errors, specifically that the ALJ (1) did not properly analyze the credibility of Plaintiff; (2) did not properly weigh the medical opinions in the record; (3) improperly assessed Plaintiff's residual functional capacity ("RFC"); and (4) that the Appeals Council did not adequately consider additional evidence submitted by Plaintiff.

A.     Plaintiff's Credibility

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective complaints, rests with the Commissioner. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). When an ALJ assesses a claimant's subjective complaints relating to nonexertional impairments, such as pain, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. See 20 C.F.R. Sections 404.1529, 416.929 (1999). The claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints and the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints and must consider the claimant's prior work record and observations by third parties and physicians relating to such matters as (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. Id. However, the mere fact that working may cause pain or discomfort does not mandate a finding of disability and the ALJ may discount a

claimant's subjective complaints of pain if there are inconsistencies in the record as a whole. Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996).

In this case, inconsistencies in the record led the ALJ to conclude that Mr. Creamer was not credible. Examples of these inconsistencies included the claimant's sporadic work history, Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001) (indicating a lack of motivation to work rather than lack of ability); his failure to follow doctors' orders regarding medications and dietary restrictions, Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's credibility); his daily activities including the caretaking of his two young children and household chores, Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006) (inconsistencies between subjective complaints of pain and daily living patterns diminish credibility); a lack of physical limitations recommended by Plaintiff's treating doctors, Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993) (lack of significant restrictions on daily activities by treating doctors is inconsistent with a claimant's allegations of totally disabling symptoms); and the medical opinion of Dr. Anderson.

For these reasons, the Court finds that substantial evidence on the record as a whole supports the ALJ's determination that Plaintiff's subjective complaints were not fully credible.

B.   Medical Opinions

Plaintiff asserts that the ALJ erred in weighing the medical opinion evidence in the record. Specifically, Plaintiff contends that the ALJ should have given controlling weight to the opinion of Dr. Pulleyking and erred in giving weight to Dr. Anderson's opinion. While treating physicians' opinions are entitled to substantial weight, a treating physician's opinion is not conclusive in determining disability status, and the opinion must be supported by medically acceptable clinical or diagnostic data. Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ resolves conflicts between competing medical opinions in the record, including the opinions of the treating and examining physicians. Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996). The ALJ may discount a treating physician's opinions that are inconsistent with, and contradicted by, other evidence in the record. Weber v. Apfel, 164 F.3d 431 (8th Cir. 1999).

The ALJ found Dr. Pulleyking's opinion inadequately supported by his treatment and examination notes. For example, the ALJ noted that while Dr. Pulleyking stated that Plaintiff was

3

"severely depressed," he also reported Plaintiff's GAF score at or above 55 from June 2004 to December 2005—suggesting Plaintiff suffered from moderate to mild symptoms. The ALJ expressly stated that he gave *more* weight to the opinion of Dr. Anderson than Dr. Pulleyking because he found Dr. Anderson's opinions were more consistent with her actual findings. There is no evidence that the ALJ *rejected* the opinion of Dr. Pulleyking as asserted by Plaintiff. Accordingly, the Court finds that the ALJ properly weighed the medical opinions in the record and his determination is supported by substantial evidence on the record as a whole.

        C.       Residual Functional Capacity

Plaintiff argues that the ALJ failed to properly assess his RFC. The Court disagrees. The current regulations make clear that residual functional capacity is a determination based upon all the record evidence and that the record must include some medical evidence that supports the ALJ's findings. See 20 C.F.R. Sec. 404.1545; Soc. Sec. Ruling 96-8p, at pp.8-9; Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). "The RFC is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Depover v. Barnhart, 349 F.3d 563, 565 (8th Cir. 2003). It is a medical question, based on all the relevant credible evidence of record, not just of medical evidence. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).

After review of the entire record, the Court finds the assessment of the RFC to be based on a consideration of the entire record of evidence including all the medical evidence and testimony. The ALJ relied on the testimony of a vocational expert based on a hypothetical question encompassing those impairments and restrictions that he found credible. Accordingly, the Court finds that the ALJ's determination of Plaintiff's RFC complied with the applicable regulations and is supported by substantial evidence on the record as a whole.

        D.       New Evidence Submitted to the Appeals Council

Plaintiff contends that the additional evidence submitted to the Appeals Council warrants a reversal of the ALJ, or at least, a remand. The Court disagrees.

The Appeals Council has a duty to review additional evidence that is new and material. See 20 C.F.R. Sec. 404.970(b). The Appeals Council may only consider new evidence if "it relates to the period on or before the date of the administrative law judge hearing decision." Id.

To be material, the information must evidence Plaintiff's condition "for the time period for which benefits were denied." Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993).

Plaintiff submitted a report from Dr. Babin dated February 27, 2006 for an examination that took place on the same date. The ALJ issued his decision on January 5, 2006. Therefore, Dr. Babin's report was submitted too late to be considered and Dr. Babin's findings are not relevant to this claim because they do not reflect Plaintiff's mental state during the time period for which benefits were denied.

Plaintiff also submitted additional material from Dr. Pulleyking. To be material, this new evidence must be non-cumulative, relevant and there must be a reasonable likelihood that it would have changed the ALJ's determination. Id. Here, the Court finds that this new information submitted by Dr. Pulleyking would have not changed the ALJ's determination as Dr. Pulleyking's continuing treatment records and opinion are largely consistent with his previously submitted medical treatment records and opinion, which the ALJ discounted after finding them unsupported and inconsistent with substantial evidence on the record as a whole.

The Court finds that the Appeals Council made no error in its consideration of the additional evidence submitted by Plaintiff after the date of the ALJ's decision and remand is inappropriate.

## V.     Conclusion

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.

Date:   August 17, 2007                                         /s/ Dean Whipple
                                                                 Dean Whipple
                                                          United States District Judge